**Yoni Federico Gramajo MONTERROSO and Ruth A. Rodriguez, Petitioners,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

### No. 13–72497.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Yoni Federico Gramajo Monterroso, Los Angeles, CA, for Petitioners.

Ruth A. Rodriguez, Los Angeles, CA, pro se.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Edward Earl Wiggers, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Yoni Federico Gramajo Monterroso and Ruth A. Rodriguez, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely petitioners' motion to reopen to apply for asylum and related relief, where petitioners filed the motion more than two years after their final orders of removal, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of a final order of removal), and failed to establish materially changed country conditions to qualify for the regulatory exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii).

Nor did the BIA abuse its discretion in denying petitioners' motion based on ineffective assistance of counsel, where petitioners failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not plain on the face of the administrative record. *See Reyes v. Ashcroft*, 358 F.3d 592, 596–98 (9th Cir.2004) (no abuse of discretion where alien failed to comply with *Lozada* and ineffectiveness was not plain on face of the record).

Accordingly, the BIA did not violate due process by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000)

(to prevail on a due process challenge, an alien must show error and prejudice).

We lack jurisdiction to consider petitioners' challenges to the agency's underlying orders denying relief from removal because this petition is not timely as to those orders. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

To the extent petitioners challenge the BIA's decision not to exercise its sua sponte authority to reopen removal proceedings and to the extent Rodriguez contends she is eligible for prosecutorial discretion, we lack jurisdiction to consider those contentions. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order).

We construe petitioners' October 19, 2015, filing as a motion for leave to file a supplemental brief, and grant the motion.

The government's September 17, 2015, motion is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.